# United States Court of Appeals

## For the First Circuit

No. 02-1892

SANTO RUIZ,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

No. 02-1893

VIRGILIO RUIZ,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Lynch, Circuit Judge,

R. Arnold,[*] Senior Circuit Judge,

and Howard, Circuit Judge.

---

[*]Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

_John F. Palmer_, for appellant Santo Ruiz.
_Melvin Norris_, for appellant Virgilio Ruiz.
_Timothy Q. Feeley_, Assistant United States Attorney, with whom _Michael J. Sullivan_, United States Attorney, was on brief for appellees.

August 7, 2003

**R. ARNOLD, <u>Senior Circuit Judge</u>**.  Virgilio and Santo Ruiz were convicted in 1994 on four charges stemming from a fire that burned down their business in Boston, Massachusetts, in 1990.  The brothers now challenge their convictions on the basis of new evidence that Virgilio uncovered in 2000 that had been in the possession of the Boston Police Department.  The District Court reviewed and rejected their <u>pro</u> <u>se</u> § 2255 motion, containing an ineffective-assistance-of-counsel claim.  The Court also considered a later-filed motion (of an ambiguous nature) as both a § 2255 motion and as a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  The Court concluded that it was time-barred regardless of its form.  The Court went on, however, to address the substantive arguments raised in the motion and determined that they were without merit because the new evidence was not significant enough to raise any doubt about the defendants' convictions.  We affirm on the merits.

## I.

The defendants, Virgilio Ruiz and Santo Ruiz, are brothers who owned and operated a clothing store.  The store burned down under suspicious circumstances, and two-and-a-half years later the brothers were indicted and convicted of conspiracy, use of a fire to commit a felony, arson, and mail fraud.  18 U.S.C. §§ 371, 844(h)(1), 844(i), 1341.  The facts of the case have been thoroughly recited elsewhere.  <u>See</u> <u>United States</u> v. <u>Ruiz</u>, 105 F.3d

-3-

1492 (1st Cir. 1997). This Court affirmed their convictions but remanded the case for resentencing. The Ruizes were resentenced, and the defendants' final opportunity to challenge their new sentences by direct appeal expired on April 20, 1998.[1]

The defendants then filed a pro se § 2255 motion in May of 1998. They argued that they had received ineffective assistance from their attorneys. For the most part, their claims second-guessed their attorneys' tactical decisions at trial. As this motion worked its way through the system, Virgilio Ruiz searched for exonerating evidence.

Virgilio filed a public records act request with the Boston Police Department at the end of 1999. He received a response at the beginning of 2000, in the form of a report, which proved that there had been a gas leak at the business on June 1, 1989, when the business was owned by the defendants' brother, Rafael Ruiz. The report would have been useful during the defendants' trial – it bolstered the defendants' theory that a gas leak might have caused the fire that destroyed their business. Additionally, the defendants would have been able to counter the testimony of a representative of the gas company who had contradicted the defendants by testifying that the company had no records from the prior six years of ever visiting the store because

---

[1]Both defendants have served their sentences. Santo Ruiz has been deported. Virgilio Ruiz remains in the country in the custody of the INS pending the outcome of this appeal.

of a gas leak. In reliance on this new evidence, defendants filed a joint motion to expand the record on November 30, 2000. The District Court decided that the motion was really some sort of motion for a new trial and appointed attorneys to represent the defendants from then on.

In its thorough memorandum and order, Ruiz v. United States, 221 F. Supp. 2d 66 (D. Mass. 2002), the District Court rejected the defendants' pro se § 2255 motion, which raised questions of ineffective assistance of counsel.[2] The District Court determined that it was not objectively unreasonable for counsel to miss the report. The defense advanced by the attorneys at trial did not rely on the gas-leak theory that the defendants vigorously advance now. The District Court believed counsels' approach at trial was a reasonable one, and counsel could not be expected to search out evidence supporting other explanations for the fire.

The District Court went on to consider whether the absence of the police report prejudiced the defendants. It did not, the Court concluded, because the evidence against the defendants was so strong that the report would not have made a difference, i.e., it did not satisfy the second requirement of the

---

[2]The defendants also raise a Brady due-process claim. Assuming we could consider the Brady argument on its merits, it would fail for the same reason the ineffective-assistance claim must fail — the absence of prejudice under the applicable legal standard.

Strickland test.  Strickland v. Washington, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

The District Court then analyzed the status of the defendants' joint motion, which had been filed after the discovery of the police report in 2000.  Because the motion focused on the effect the new evidence had on the case, the District Court decided that it was, more likely than not, a Rule 33 motion. Fed. R. Crim. P. 33.  To be thorough, the Court also considered whether the motion could be successful if treated as a § 2255 motion.

In either case, the Court said, the motion would be time-barred.  The defendants attempted to circumvent this problem by arguing that the statute of limitations that applied to their motion was tolled on various grounds.  The District Court rejected all three proffered grounds for tolling.

The District Court also addressed the substantive question of whether the newly discovered evidence could have any effect on the defendants' convictions.  Under either § 2255 or Rule 33, the defendants had to show that the uncovering of the report warranted a new trial.  Barrett v. United States, 965 F.2d 1184, 1194-95 (1st Cir. 1992).  Under the more lenient of the two standards, the § 2255 standard, the report had (among other things) to create a reasonable probability that an acquittal would have

resulted had the report been available. <u>United States</u> v. <u>Josleyn</u>, 206 F.3d 144, 151 (1st Cir. 2000). The District Court admitted that the evidence would have bolstered the defendants' explanation for the fire and would have countered some of the evidence of a government witness. However, the government's case was very strong, and the new evidence did not significantly diminish it. The District Court concluded that the joint motion could not prevail even if it were timely.

II.

We have two issues before us. The first is whether the defendants' § 2255 motion (the ineffective-assistance motion) had any merit. The second issue is multi-tiered. It consists of three questions: what kind of motion was the joint motion; was it timely; and, if we reach its merits, does it warrant granting a new trial? We do not have to engage in a detailed discussion of all the questions raised by these two issues. The District Court has already done so. Instead, we note that both issues share the requirement that the report have a certain significance relative to the evidence that convicted the defendants.

A.   Ineffective Assistance of Counsel

The question of ineffective assistance of counsel is a mixed question of fact and law. <u>Gonzalez-Soberal</u> v. <u>United States</u>, 244 F.3d 273, 277 (1st Cir. 2001). We review the District Court's legal conclusions <u>de novo</u> and its underlying findings of fact for

clear error. Cody v. United States, 249 F.3d 47, 52 (1st Cir. 2001). On appeal, defendants continue to argue that it was ineffective assistance for their lawyers to fail to find the report. Even if the lawyers were ineffective, the defendants must show that this mistake prejudiced them. Specifically, they must show that the absence of the report undermines confidence in the outcome of their trial. Strickland, 466 U.S. at 694. This they cannot do.

The report was not so significant as the defendants claim. At the time of trial, the defendants already had a Boston Fire Department document saying that firefighters had responded to a reported gas leak at the store on June 1, 1989. To the extent that the police report proved the same, it was cumulative evidence.

Additionally, there is a host of evidence that the brothers started the fire. The insurance agent who sold them their policy indicated that when the brothers obtained insurance on the building they expressed an unusual interest in how claims would be processed and paid by the insurance company. Two weeks before the fire, Santo Ruiz stopped setting the alarm, which would have alerted the authorities to a fire. A government expert testified that the fire started in two places inside the store simultaneously, which is inconsistent with the theory that a gas leak caused the fire. An expert also said that an accelerant, such as gasoline, played a role in the fire. And there was no evidence

pointing to an electrical or gas failure as the source of the fire. Finally, a government witness testified that there was reason to think that the store's contents had been removed before the fire started.

We agree with the District Court that the cumulative weight of this evidence is overwhelming. The defendants cannot prevail on this claim because, even if their counsel had been remiss in their duties, the introduction of evidence of a gas leak eighteen months before the fire would not have been enough to undermine confidence in the outcome of this case.

## B.  The Joint Motion

The joint motion suffers from the same problem. <u>Brady</u> claims are subject to the same prejudice requirement as ineffective-assistance claims. <u>See</u> <u>Strickland</u>, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); <u>McCambridge</u> v. <u>Hall</u>, 303 F.3d 24, 37 (1st Cir. 2002) (en banc) ("[T]here is no prejudice under <u>Brady</u> . . . unless there is 'a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " (quoting <u>United States</u> v. <u>Bagley</u>, 473 U.S. 667, 682 (1985) (plurality opinion))).

The judgment is <u>affirmed</u>.