**Robert M. JOOST**

v.

**UNITED STATES of America.**

**CA No. 03–292–T.**

United States District Court,
D. Rhode Island.

Sept. 14, 2004.

Robert M. Joost, pro se.

Kenneth P. Madden, AUSA, Providence, RI, for Defendant.

## MEMORANDUM AND ORDER DISMISSING § 2255 PETITION

TORRES, Chief Judge.

Pursuant to 28 U.S.C. § 2255, Robert M. Joost has filed a motion to vacate his sentence for possessing a firearm after having been convicted of a felony. The government has moved to dismiss on the ground that Joost's petition is barred by the statute of limitations and that, in any event, it lacks merit.

For the reasons hereinafter stated, the government's motion to dismiss is granted.

### Background

Joost was convicted of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g). On April 4, 1997, he was sentenced to imprisonment for a period of 198 months.[1] On January 9, 1998, Joost's conviction was affirmed, *United States v. Joost*, 133 F.3d 125 (1st Cir.1998), and on April 20, 1998 the Supreme Court denied his petition for certiorari. *See Joost v. United States*, 523 U.S. 1087, 118 S.Ct. 1545, 140 L.Ed.2d 693 (1998).

In his § 2255 motion, Joost states that, in February 2001, he made a request, pursuant to the Freedom of Information Act, 5 U.S.C. §§ 552, *et seq.* ("FOIA"), for FBI documents relating to his case. He further states that, pursuant to that request, redacted documents were delivered to him in several installments, the last of which was received on or about July 31, 2002.

Joost's § 2255 motion was filed on July 11, 2003, more than five years after his petition for certiorari was denied. Joost claims that the documents received pursuant to his FOIA request are exculpatory because they show that law enforcement agents conspired to entrap him and gave false testimony at his trial. Accordingly, he argues that the government's failure to produce the documents prior to trial violated its obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and entitles him to a new trial. The government, on the other

---

1. In a separate prosecution, Joost was convicted of Hobbs Act conspiracy for his role in an armored car robbery. *See United States v. Joost*, CR No. 94–056–ML. That conviction was affirmed by the First Circuit. *See United States v. Joost*, 94 F.3d 640, 1996 WL 480215 (1st Cir.)(Table), *cert. denied*, 519 U.S. 974,

117 S.Ct. 408, 136 L.Ed.2d 321 (1996). Joost's § 2255 motion to vacate the sentence imposed in that case was denied, and his appeal from the denial was rejected by the Court of Appeals. *United States v. Joost*, Dkt. No. 99–1138 (1st Cir. December 28, 1999).

hand, argues that Joost's § 2255 motion is not timely and that, in any event, the FOIA documents do not contain any exculpatory material.

### Analysis

There is a one-year statute of limitations for seeking relief under § 2255. The statute provides that:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6 (as amended by the Antiterrorism and Effective Death Penalty Act, Pub.L.No. 104–132, 110 Stat. 1214 (April 24, 1996)).

Joost does not dispute that his petition was filed more than five years after his conviction became final. Nor does he claim that his petition is based on any newly-recognized right. Rather, he argues that his petition is timely under paragraph (2) and/or (4). Furthermore, he argues that the period of limitations should be equitably tolled.

### I. *The Impediment Argument*

■ Even though Joost's § 2255 motion was filed more than five years after his conviction became final, it would be timely under paragraph (2), if: (1) the government engaged in action that violated the Constitution or laws of the United States; (2) that action created an impediment to the filing of the petition; and (3) Joost filed the petition within one year after the impediment was removed. 28 U.S.C. § 2255(2). *See United States v. Ngi Tamfu*, 2002 WL 31452410 at *3 (N.D.Tex. Oct.5, 2002)

Joost's petition is based on what he claims to be exculpatory material contained in the documents obtained pursuant to his FOIA request. Assuming, *arguendo*, that Joost needed those documents in order to file his § 2255 motion, the only "impediment" to filing the motion would have been any inability on Joost's part to obtain those documents.

Here, there is no allegation that the government did anything to either prevent Joost from making his FOIA request or prevent compliance with that request. By his own admission, Joost did not request the documents until nearly three years after his conviction had become final, and Joost does not allege that the government created any "impediment" that prevented him from making his request sooner. Thus, even if the time during which Joost's FOIA request was being processed is treated as a government-created impediment that would have tolled the Statute of Limitations, Joost's motion is untimely because the FOIA request wasn't made until nearly three years after Joost's conviction became final.

### II. *The Discovery Argument*

Joost's argument that his motion was filed within one year after discovering the

facts supporting his claim also is without merit.

 Under § 2255(4), the one-year period of limitation begins to run when "the facts supporting the claim or claims presented *could have been discovered through the exercise of due diligence.*" (Emphasis added.) Here, as already noted, Joost delayed three years before filing his FOIA request for the documents upon which his motion is based, even though he had been asserting claims of entrapment and fabrication by government witnesses since the time of trial. Consequently, it is clear that Joost did not exercise "due diligence" in seeking to obtain the documents upon which he relies and that, if he had exercised due diligence, the facts offered in support of his claim would have been "discovered" far more than one year before his motion was filed. *See Ruiz v. United States,* 221 F.Supp.2d 66, 77–78, *aff'd* 339 F.3d 39 (1st Cir.2003)(filing of FOIA some 18 months after conviction did not constitute "due diligence" under § 2255(2)).

III. *Equitable Tolling*

 Under the Doctrine of Equitable Tolling "a statute of limitations—unless its time limit is jurisdictional—may be extended for equitable reasons not acknowledged in the statute creating the limitations period." *David v. Hall,* 318 F.3d 343, 345–346 (1st Cir.2003). The equitable tolling doctrine is "invoked only in rare and exceptional cases where 'extraordinary circumstances beyond the claimant's control prevented timely filing, or the claimant was materially misled into missing the deadline.'" *Trenkler v. United States,* 268 F.3d 16, 25 (1st Cir.2001), *quoting Fradella v. Petricca,* 183 F.3d 17, 21 (1st Cir. 1999) [citations omitted]. It is well settled that "[e]quitable tolling is not warranted

where the claimant simply 'failed to exercise due diligence in preserving his legal rights.'" *Id., quoting Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). That principle is equally applicable to § 2255 motions. *See Ruiz,* 221 F.Supp.2d at 77–78.[2]

### *Conclusion*

For all of the foregoing reasons, the government's motion to dismiss on Statute of Limitations grounds is hereby granted.

IT IS SO ORDERED:

---

**2.** The Supreme Court's decision in *Banks v. Dretke,* 540 U.S. 668, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004), cited by Joost in a supplemental filing, is inapplicable here in view of the untimeliness of his § 2255 motion under the statute of limitations.